Bullington v. N. C. Bd. of Examiners in Optometry

WALTER G. BULLINGTON, M.D., KENNETH L. COHEN, M.D., AND J. LAWRENCE SIPPE, M.D., NORTH CAROLINA SOCIETY OF OPHTHAL-MOLOGY, INC. v. NORTH CAROLINA STATE BOARD OF EXAMINERS IN OPTOMETRY

No. 8510SC1097

(Filed 18 March 1986)

**Process § 6— subpoenas issued to individual petitioners—corporate records sought —subpoenas properly quashed**

Subpoenas issued to the individual petitioners commanding them to appear before respondent board with all documents in the possession of the N.C. Society of Optometry, Inc. were fatally defective on their face and should have been quashed since the subpoenas purported to require each individual petitioner to produce documents in the possession of a corporation; the corporation was not required by the subpoenas to produce anything through its representatives; and the individuals named in the subpoenas were not designated in the subpoenas to be in any way representatives of the corporation or custodians of documents belonging to the corporation.

APPEAL by respondent North Carolina State Board of Examiners in Optometry from *Bailey, Judge.* Order entered 3 July 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 12 March 1986.

On 30 July 1984, the North Carolina State Board of Examiners in Optometry [hereinafter the Board] issued subpoenas to Dr. Walter G. Bullington, Dr. J. Lawrence Sippe and Dr. Kenneth L. Cohen commanding them to appear before the Board with all documents in the possession of the North Carolina Society of Ophthalmology, Inc., which support allegations of negligent care and malpractice on the part of 203 licensees of the Board, as presented to the North Carolina Senate Human Resources Committee during the summer of 1983. On 29 August 1984, the individual physicians named in the subpoenas filed with the Board a request to revoke and reconsider the subpoenas, which request was denied. At the hearing on the request to revoke and reconsider the subpoenas, the Board found that the physicians had failed to produce the documents as set forth in the subpoenas "without good cause" and "[t]hat the subpoenas were properly issued and served upon the respondents and that the respondents were properly before the Board," and, based upon these findings, concluded that the respondent physicians were in contempt of the

Board. On 23 October 1984, petitioners, Dr. Bullington, Dr. Cohen, Dr. Sippe and the North Carolina Society of Ophthalmology, Inc., sought judicial review pursuant to G.S. 150A-43 by filing a motion to quash the subpoenas and for a protective order. On 3 July 1985, after a hearing, Judge Bailey entered the following order:

> [I]t appearing to the Court after reviewing the record, reviewing the briefs of the parties and hearing arguments of counsel for the parties that the Petitioners' motion to quash subpoenas issued to Petitioners by Respondents should be granted and the Respondent's decision to issue the subpoenas and not to revoke same should be reversed on the grounds that said subpoenas were issued in excess of the authority of the North Carolina State Board of Examiners in Optometry.

The Board appealed to this Court.

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Samuel G. Thompson, Julian D. Bobbitt, Jr., and William H. Moss, for petitioners, appellees.*

*Boyce, Mitchell, Burns & Smith, P.A., by G. Eugene Boyce and Karen Britt Peeler, for respondent, appellant.*

HEDRICK, Chief Judge.

We agree with Judge Bailey in quashing the subpoenas and reversing the decision of the Board not to revoke the subpoenas, but for different reasons than set out in the order. We do not agree that the subpoenas "were issued in excess of the authority of the North Carolina State Board of Examiners in Optometry."

The three subpoenas issued to the three individual physicians are fatally defective on their face. The subpoenas purport to require each physician as an individual to produce certain documents belonging to and in the possession of the North Carolina Society of Ophthalmology, a corporation. The North Carolina Society of Ophthalmology, a corporation, is not required by the subpoenas to produce anything through its representatives. The individual physicians named in the subpoenas are not designated in the subpoenas to be in any way representatives of the corporation or custodians of documents belonging to the corporation.

Our decision makes it inadvisable for us to discuss the many issues raised and discussed by the parties in the petition for judicial review and in their respective briefs. G.S. 90-117.4 clearly gives the Board the power in a proper case, and this appears to be a proper case, to "issue subpoenas requiring the attendance of persons and the production of papers and records." The subpoena authority of the Board is limited to "any hearing, investigation or proceeding conducted by it." G.S. 90-117.4. The authority of the Board to enforce its subpoena power necessarily must be decided on a case-by-case basis.

The decision of the superior court quashing the subpoenas and reversing the decision of the Board is

Affirmed.

Judges WELLS and MARTIN concur.